In the Matter of the Accounting of LILLIAN FRANKENHEIM, as Committee of the Property of REGINA L. FRANKENHEIM, an Incompetent, Deceased.

Supreme Court, Special Term, Kings County, May 11, 1955.

*Milton W. Levy* for Stephen Colmar and others, applicants.

*Rose C. Kroener* for committee.

*Joseph F. Ruggieri,* special guardian.

COHEN, J. In this accounting proceeding by the committee of a deceased incompetent, a brother and three sisters of the deceased seek leave to intervene.

The sole distributee of the deceased incompetent is her son, Theodore Frankenheim, who has also been adjudged an incompetent. The accounting committee is also committee of the son and administratrix of the deceased incompetent. Under these circumstances, and in view of the fact that the committee is accounting to herself in different representative capacities, the court has appointed a special guardian.

The persons seeking leave to intervene have a possible beneficial interest in the estate of the son. They are his aunts and uncle. They rely on subdivision 10 of section 262 of the Surrogate's Court Act which provides that where an accounting estate representative " accounts to himself in a separate capacity as the legal representative of a deceased beneficiary of the estate or as a trustee or as guardian of an infant beneficiary or as the committee of an incompetent it shall not be sufficient to cite or obtain the appearance of the accounting party in such separate capacity only but in addition there shall be cited all persons interested in the estate of the deceased beneficiary, the infant or the incompetent beneficiary ".

If the procedure outlined in this section were followed, it would be necessary to cite the persons seeking to intervene as they are the distributees of the sole beneficiary and he is an incompetent. However, when a procedure with reference to an incompetent is expressly outlined in the Civil Practice Act, that procedure should be followed in preference to the Surrogate's Court Act. As a matter of fact, there are two sections of the Civil Practice Act dealing with the filing of a committee's final account. They are section 1381 and section 1383. Section 1381 of the Civil Practice Act, upon which the movants also rely, provides in subdivision 3 that: " Notice of the filing of such account pursuant to such order and of an application for the judicial settlement thereof shall be given in manner in which and to the persons to whom notice of application for the appointment of a committee of the person or property of an alleged incompetent person, lunatic, idiot or habitual drunkard is required to be given by this article."

However, the court is of the opinion that this section applies to final accounts of committees only in cases where the incompetent is not deceased. Where the incompetent is deceased, section 1383 of the Civil Practice Act is applicable and controlling. The relevant portions of this section state: " *Death of incompetent; duty of committee.* * * * Notice of the application for settlement of such account shall be given, in such manner as the court may direct, to the sureties on the official

bond of the committee or the legal representatives of such sureties, and to the executor or administrator of the decedent, if any; and if there be no executor or administrator, to the decedent's husband or wife, and heirs and next of kin, or if any of those persons shall have died, to his executor or administrator.''

While the committee might have given notice of this proceeding to the movants, she was not required to do so under the provisions of the last cited section. Accordingly, the court cannot direct that they be made parties to this proceeding. However, the court feels certain that the rights of the incompetent beneficiary will be protected adequately by the special guardian. If there are any serious objections to the account, the moving parties should communicate them to him.

*Matter of Battey* (260 App. Div. 362), cited by the movants, is not in point. It does not appear in that case that the incompetent was deceased. Therefore, subdivision 3 of section 1381 of the Civil Practice Act applied and the accounting party was required to give notice to a relative of the incompetent where the sole heir of the incompetent was an infant.

Motion denied. Submit order.